# United States Court of Appeals
## For the First Circuit

No. 16-2483

JEFFREY SCOTT HUNTER,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

David R. Beneman, Federal Public Defender, on brief for
appellant.
Margaret D. McGaughey, Assistant United States Attorney, and
Richard W. Murphy, Acting United States Attorney, on brief for
appellee.

October 16, 2017

**LYNCH**, **Circuit Judge**.  In 1994, Jeffrey Hunter was convicted of federal armed bank robbery, conspiracy, and possession of a firearm by a felon, for which he received a 210-month prison sentence, and was also convicted of use of a firearm during a "crime of violence," for which he received a consecutive five-year mandatory minimum sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

By an 18 U.S.C. § 2255 petition, Hunter later moved to vacate his consecutive sentence.  The district court denied the motion.  Hunter's challenge to the consecutive sentence is foreclosed by our recent precedent in United States v. Ellison, 866 F.3d 32 (1st Cir. 2017).  We affirm.

Hunter's challenge is based on the "crime of violence" designation, but his argument is misplaced. Section 924(c)(3) defines "crime of violence" as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. [the "residual clause"]

18 U.S.C. § 924(c)(3)(emphasis added).

In 2015, the Supreme Court held that the residual clause of a definition of "violent felony" under a different statute, the

- 2 -

Armed Career Criminal Act, see § 924(e)(2)(B)(ii), was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). In 2016, relying on Johnson, Hunter moved under 18 U.S.C. § 2255 to vacate his consecutive five-year sentence, arguing that the definition of "crime of violence" in § 924(c)(3)(B), similarly worded to the definition of "violent felony" in § 924(e)(2)(B)(ii), is also unconstitutionally vague.

The district court rejected the challenge, holding that, irrespective of Johnson, Hunter's mandatory minimum sentence rested on firm ground because his offense of federal armed bank robbery "unquestionably" still qualified as a crime of violence under a different clause of the statute, § 924(c)(3)(A) -- the force clause.

Hunter's present appeal from the district court's ruling is foreclosed by this Court's recent decision in United States v. Ellison, 866 F.3d 32 (1st Cir. 2017). In Ellison, we held that federal bank robbery qualifies as a "crime of violence" under the career-offender sentencing guideline's force clause because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Ellison, 866 F.3d at 37; see U.S.S.G. § 4B1.2(a)(1).[1] The sole difference in

---

[1] Under 18 U.S.C. § 2113(a), an individual commits federal bank robbery if he, "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money

- 3 -

language between § 4B1.2(a)(1), at issue in Ellison, and § 924(c)(3)(A), at issue here, is the latter's reference to "use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). The difference does not help Hunter. The addition of "or property" renders § 924(c)(3)(A)'s scope greater than that of § 4B1.2(a)(1). Where language in the Guidelines closely tracks a provision in a sentencing statute, we have considered the Guidelines persuasive authority in our interpretation of that sentencing statute. See United States v. Glover, 558 F.3d 71, 80 n.3 (1st Cir. 2009). In light of our decision in Ellison, we hold that federal bank robbery, and a fortiori federal armed bank robbery, are crimes of violence under the force clause of § 924(c)(3).

Hunter's sentence stands.[2] Affirmed.

---

or any thing of value belonging to . . . any bank . . . ." In Ellison, the parties agreed that § 2113(a) was divisible, setting forth as separate offenses robbery by "force and violence, or by intimidation," and robbery by "extortion." See 866 F.3d at 35. The Ellison court addressed whether bank robbery "by intimidation" was a "crime of violence." See id. at 35-36. Here, although the parties dispute whether § 2113(a) is divisible, their disagreement is immaterial because Hunter never argued that extortion was an element of his crime of conviction. Instead, as in Ellison, Hunter agreed with the government that the least serious means of violating § 2113(a) is by "intimidation."

[2] Because we find that Hunter's offense qualifies as a crime of violence under § 924(c)(3)'s force clause, we need not address Hunter's challenge to the constitutionality of the residual clause.