# United States Court of Appeals
## For the First Circuit

No. 16-1321

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS CRUZ-RIVERA, a/k/a CHIQUI, a/k/a CANO,
a/k/a CANO LLORENS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Ines McGillion, with whom Ines McGillion Law Offices, PLLC, was on brief, for appellant.
Mainon A. Schwartz, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, were on brief, for appellee.

September 14, 2018

**BARRON**, **Circuit Judge**.    Carlos Cruz-Rivera ("Cruz") appeals his convictions and sentence for federal carjacking and weapons counts.  For the reasons that follow, we affirm.

**I.**

On September 9, 2015, Cruz was indicted in the District of Puerto Rico on three counts of carjacking in violation of 18 U.S.C. § 2119 and three counts of violating 18 U.S.C. § 924(c), which prohibits using or carrying a "firearm" during a "crime of violence."  Id. § 924(c)(1)(A).  Carjacking in violation of § 2119 was the predicate "crime of violence" for each of the § 924(c) counts.  In addition, the indictment charged Cruz with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Cruz pleaded guilty to the three carjacking counts and proceeded to trial on the remaining four counts.  In doing so, he stipulated that he had committed the carjacking offenses.  However, at the close of the government's evidence, and again at the close of his own evidence, Cruz moved for a judgment of acquittal as to the three § 924(c) counts.  He did so on the ground that the underlying carjacking in violation of § 2119 that served as the predicate crime for each of these counts did not qualify as a "crime of violence" for purposes of § 924(c).  See Fed. R. Crim. P. 29.

The District Court denied both motions. On October 15, 2015, a jury convicted Cruz of all of the remaining counts. Cruz was then sentenced to 872 months of prison and five years of supervised release. This appeal followed.

**II.**

We begin with Cruz's contentions that none of his three convictions for carjacking under § 2119 were for an offense that qualifies as a "crime of violence" under § 924(c) and thus that these convictions cannot stand. Cruz preserved this issue below, which is one of law, and so our review is de novo. United States v. Willings, 588 F.3d 56, 58 (1st Cir. 2009).

Section 924(c) makes it a crime for "any person [to], during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or [to], in furtherance of any such crime, possess[] a firearm[.]" 18 U.S.C. § 924(c)(1)(A). Section 924(c) then defines a "crime of violence" as follows:

> [A]n offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the force clause] or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3) (emphasis added).

The first of these two clauses is referred to as the "force clause." See United States v. Rose, 896 F.3d 104, 106 (1st

- 3 -

Cir. 2018).  The second is known as the "residual clause."  Id.
So long as an offense is encompassed by either clause, it qualifies
as a "crime of violence."  Id.

To assess whether a predicate crime qualifies as a "crime
of violence" under the force clause of § 924(c), "we apply a
categorical approach.  That means we consider the elements of the
crime of conviction, not the facts of how it was committed, and
assess whether violent force is an element of the crime." United
States v. Taylor, 848 F.3d 476, 491 (1st Cir.), cert. denied, 137
S. Ct. 2255 (2017).

The federal carjacking statute states that "[w]hoever,
with the intent to cause death or serious bodily harm takes a motor
vehicle that has been transported, shipped, or received in
interstate or foreign commerce from the person or presence of
another by force and violence or by intimidation, or attempts to
do so," 18 U.S.C. § 2119, shall "be fined under this title or
imprisoned not more than 15 years, or both," id. § 2119(1).[1]  Cruz
asks us to treat this offense as what is known as an indivisible

---

[1] Two of Cruz's counts charged him with violating § 2119(1).
One count charged Cruz with violating § 2119(2), which requires
the same conduct as § 2119(1), but carries a 25-year statutory
maximum sentence and additionally requires, as relevant here, that
"serious bodily injury . . . results."  Id. § 2119(2).  But, both
types of § 2119 violations require that the taking of a motor
vehicle be accomplished "by force and violence or by intimidation,"
id., and thus our analysis applies equally to Cruz's convictions
under both § 2119(1) and § 2119(2).

crime, such that if any of its elements categorically exceed the scope of the force clause, we must find that it is not encompassed by that clause. See Descamps v. United States, 570 U.S. 254, 271-73 (2013) (differentiating between divisible and indivisible crimes). And Cruz then goes on to argue that the elements of § 2119 do not, categorically, fall within the force clause.

Cruz premises this contention on the fact that carjacking under § 2119 can be accomplished by "intimidation." He asserts that, in consequence of this element, the government need not prove the defendant used "physical force," 18 U.S.C. § 924(c)(3)(A), as the force clause requires of those offenses that it encompasses. But, even assuming that § 2119 is indivisible as Cruz contends, we have held, as the government points out, that the force clause encompasses federal bank robbery even though that offense, too, may be committed through "intimidation." United States v. Ellison, 866 F.3d 32, 35 (1st Cir. 2017) (holding that bank robbery was a "crime of violence" under United States Sentencing Guideline 4B1.1(a)); 18 U.S.C. § 2113(a); see also Hunter v. United States, 873 F.3d 388, 390 (1st Cir. 2017) (applying Ellison to § 924(c) and holding that intimidation was sufficient to establish "violent force" under § 924(c)(3)(A)). Given that § 2119 additionally requires that the government prove that a defendant committed the carjacking offense "with the intent to cause death or serious bodily harm," 18 U.S.C. § 2119, we do

not see how Ellison and Hunter may be distinguished. Nor does Cruz offer any explanation of how they might be.

Accordingly, we conclude that the force clause encompasses Cruz's § 2119 convictions. We thus reject Cruz's first challenge without addressing his additional contention, which the government vigorously disputes, that the residual clause is unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

**III.**

Cruz next argues that § 924(c) is unconstitutional -- both facially and as applied to his case. He bases this argument on his contention that this statute criminalizes conduct that has no nexus to interstate commerce and thus that, under United States v. Lopez, 514 U.S. 549 (1995), Congress lacks the power to criminalize such conduct pursuant to its commerce power under Article I of the United States Constitution. See Art. I § 8, cl. 3.

Cruz did not raise this issue below, and so our review is only for plain error. United States v. Vilches-Navarrete, 523 F.3d 1, 11 (1st Cir. 2008). Cruz thus needs to demonstrate that "(1) there was error; (2) the error was plain; (3) the error affected [his] substantial rights; and (4) the error adversely impacted the fairness, integrity, or public reputation of judicial

proceedings." United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002). Cruz has not done so.

With respect to his facial challenge, Cruz contends that Congress exceeded its powers under the Commerce Clause in enacting § 924(c) because the statute does not require the government to prove that the defendant's prohibited conduct has a connection to interstate commerce. But, Cruz does not argue that the definition of a "crime of violence" under § 924(c), on its face, encompasses offenses that exceed Congress's commerce power. In fact, that definition, for the reasons that we have just explained, encompasses the offense of carjacking in violation of 18 U.S.C. § 2119 and that offense requires the government to prove that the car was "transported, shipped, or received in interstate or foreign commerce[.]"

The fact that Cruz does not contend that § 924(c)'s definition of a "crime of violence" on its face encompasses offenses with no nexus to interstate commerce is significant. Every circuit to have considered the type of constitutional challenge that Cruz raises here has concluded that "[j]urisdiction under § 924(c) is derived from jurisdiction over a predicate offense, the 'crime of violence.'" United States v. Moran, 845 F.2d 135, 137 (7th Cir. 1988); see also United States v. Ricketts, 317 F.3d 540, 543 (6th Cir. 2003); United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001); United States v. Walker, 142

F.3d 103, 111 (2d Cir. 1998); United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997); United States v. Harris, 108 F.3d 1107, 1109 (9th Cir. 1997); United States v. Brown, 72 F.3d 96, 97 (8th Cir. 1995).

Cruz does argue that, notwithstanding this body of precedent, there must be some limit to Congress's power under the Commerce Clause to criminalize the means of carrying out an offense, even if that underlying offense itself falls within Congress's commerce power. And he then goes on to contend that, because § 924(c) is a separate offense for which a violator faces harsh penalties, the government must separately prove that there is a nexus between the use of the firearm and interstate commerce.

Cruz does not explain, however, why Congress's power under the Commerce Clause to prohibit the conduct encompassed by § 924(c) depends on there being a nexus to the "firearm" rather than to the "crime of violence[.]" Nor do we see why Congress's power in that regard would be so limited, given that the defendant's commission of a qualifying predicate offense is no less an element of § 924(c) than is the defendant's use of a particular type of weapon in carrying out that predicate crime. Thus, Cruz fails to provide a reason why we should depart from the consensus among our sister circuits that rejects Commerce Clause-based facial challenges to § 924(c), let alone why we should do so while reviewing only for plain error.

Cruz also makes two as-applied constitutional challenges to his convictions, for which our review is also only for plain error. But these challenges, too, are without merit.

First, Cruz contends that, because the government did not have to prove that the "firearm" in his case had a nexus to interstate commerce, his § 924(c) convictions are unconstitutional as applied. But, as we have just explained, Cruz fails to show that, under the Commerce Clause, Congress must require the government to prove that the "firearm" used in the § 924(c) offense -- rather than the "crime of violence" itself -- has a nexus to interstate commerce. Thus, there is no merit to this challenge.

Cruz separately contends that his § 924(c) convictions are unconstitutional in application because the jury did not find beyond a reasonable doubt that the predicate "crime of violence" that he was found to have committed -- carjacking under 18 U.S.C. § 2119 -- had a nexus to interstate commerce. But, he does not dispute that the government introduced into evidence a stipulation in which Cruz agreed that he had committed all of the elements of § 2119 carjacking counts, including that the cars involved in the offenses at issue had been transported in interstate commerce. Thus, this as-applied challenge fails as well.

## IV.

Cruz next challenges the sufficiency of the evidence for his § 924(c) convictions. As he preserved this issue below, our

review is de novo.  United States v. De León-Quiñones, 588 F.3d 748, 751 (1st Cir. 2009).  In assessing this claim, "we examine the evidence, both direct and circumstantial, in the light most favorable to the prosecution and decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged count or crime."  Id. (quoting United States v. Cruz-Díaz, 550 F.3d 169, 172 n.3 (1st Cir. 2008)).

Cruz argues that "[t]he evidence was insufficient to establish a real firearm was used in the carjackings."  His premise for this argument is correct.  Convictions under § 924(c) require the government to prove beyond a reasonable doubt that an actual firearm, not a toy or replica, was used.  United States v. Taylor, 54 F.3d 967, 975 (1st Cir. 1995).

Cruz goes on to contend, however, that we should hold that "where the government does not produce the gun and introduce expert evidence [that] it is real and can be fired, eyewitness testimony categorically, and as a matter of law, is not sufficient to demonstrate a suspected firearm is real."  But, we do not agree.

We have held that, with respect to the defendant's use of a "firearm" under § 924(c), "the government's proof need not 'reach a level of scientific certainty.'  Descriptive lay testimony can be sufficient to prove that the defendant used a real gun."  Cruz-Díaz, 550 F.3d at 173 (quoting United States v. Roberson, 459

- 10 -

F.3d 39, 47 (1st Cir. 2006)). We have further held that "a witness need not be familiar with firearms, nor have held the weapon to testify that it was real." United States v. Martinez-Armestica, 846 F.3d 436, 441 (1st Cir.), cert. denied, 138 S. Ct. 64 (2017); see also De León-Quiñones, 588 F.3d at 752 (finding there was sufficient evidence that firearm was real based on witness testimony as to color of gun and circumstantial evidence that victims were afraid of the gun). And, as a panel, we may not reject our rulings in Cruz-Díaz, Roberson, and De León-Quiñones, as Cruz urges us to do. See United States v. Bishop, 453 F.3d 30, 31 (1st Cir. 2006) ("[A]bsent 'supervening authority sufficient to warrant disregard of established precedent,' we . . . are bound to follow [it]." (quoting Lattab v. Ashcroft, 384 F.3d 8, 15 (1st Cir. 2004)).

Cruz also argues that, even under our precedent, the evidence presented here was insufficient to prove that he used a "firearm." He observes, correctly, that the government never produced the weapon that had been used in at least two of the carjackings, and he contends that the government failed to put forth enough evidence to permit a jury reasonably to rule out the possibility that he had used his cousin's BB gun in committing each of the carjackings. He thus argues that, because a BB gun is not a "firearm" within the meaning of § 924(c) -- a point that the government does not dispute -- the evidence was insufficient to

- 11 -

show that he had used a "firearm" in committing the "crime of violence" that served as the predicate for each of his § 924(c) convictions. But, the record shows otherwise.

For one thing, Cruz's cousin testified that his BB gun was on his desk for the entire period during which the carjackings occurred. Thus, the jury reasonably could have credited that testimony and rejected the notion that a BB gun had been used in any of the carjackings.

For another, the government put forth affirmative evidence that a "firearm" had been used in committing each of those offenses. The victim of the second carjacking testified that she "kn[e]w the difference between a pistol and a revolver," that the defendant's gun was a pistol, and that it "look[ed] exactly like" a black pistol that law enforcement found in Cruz's home after his arrest and introduced as evidence at trial. Thus, a jury could reasonably find that Cruz used a "firearm" to commit that offense. See Martinez-Armestica, 546 F.3d at 440 (witness's testimony that she knew the difference between a pistol and a revolver allowed jury to conclude she "had some familiarity with firearms," and permitted jury to conclude that evidence of gun's realness was credible).

Given that the victims of the other two carjackings each also testified in some detail that the defendant had used a gun in committing the carjackings that they endured, a jury could have

inferred from the victims' testimony in combination that Cruz had access to multiple "firearms" and had used one in committing each of these crimes. And that is at least the case in light of the many other similarities in each victim's testimony about the way in which the assailant carried out each carjacking. Cf. United States v. Soto, 720 F.3d 51, 55-56 (1st Cir. 2013) (holding that proof that defendant knew some stolen identities belonged to real people could be used by the jury to infer that the defendant knew the other identities he stole belonged to real people).

To be sure, the victims did not each offer the same description of the weapon used by the assailant, and only one of their descriptions -- the second victim's -- was of a weapon that matched the black pistol that the police had found in Cruz's home. But, the description of the gun that the victim of the first attack gave in her testimony -- a silver "revolver" -- could not plausibly describe the BB gun. And, while the gun described by the victim of the third carjacking could potentially describe the BB gun, the jury heard testimony, as we have noted, that Cruz's cousin possessed the BB gun during the entire relevant period. Moreover, the government put forth undisputed circumstantial evidence that each victim "reacted as if the gun was real, following [Cruz's] various orders," which the jury was entitled to consider when concluding that Cruz "carried a real firearm." De León-Quiñones, 588 F.3d at 752.

- 13 -

In sum, we must draw all inferences in favor of the verdict. And here, the jury was given strong evidence that a "firearm" had been used in the second carjacking, and heard testimony from each of the other victims that both supported the inference that a real gun had been used in their attacks and made clear that each of the carjackings was carried out in strikingly similar way. We thus conclude that the evidence did suffice to permit a reasonable jury to conclude that Cruz used a "firearm" in carrying out each of the predicate carjackings. Accordingly, Cruz's sufficiency challenge to his convictions fails.

**V.**

Cruz's final ground for challenging his § 924(c) convictions is that the District Court erred in instructing the jury as to what the government had to prove. As he did not challenge the instructions below, however, our review is for plain error. See United States v. Olano, 507 U.S. 725, 736 (1993).

Cruz challenges the following portion of the District Court's instruction to the jury:

> [T]hat the law does not require that the actual specific firearms used in the commission of the charged offense be found, brought to the court, and be marked in evidence. That is not required. Instead, if credited by you, the descriptive testimony of an eyewitness that the gun was real as opposed to a toy or a replica can be sufficient to prove that the firearm or firearms were real. The testimony of just one witness can support

- 14 -

> a finding that the firearm or firearms were real as defined above.

Cruz argues that the district court plainly erred in giving this instruction because it "dispens[ed] with the government's burden to produce the gun, and instead permitt[ed] lay witness testimony that the gun 'appeared' real to sustain a conviction." But, as we have already explained, our case law is clear in providing that "[d]escriptive lay testimony can be sufficient to prove that the defendant used a real gun." Cruz-Díaz, 550 F.3d at 173 (quoting Roberson, 459 F.3d at 47). Thus, we reject this challenge, too.

## VI.

For the foregoing reasons, the judgment below is **affirmed**.