# United States Court of Appeals
## For the First Circuit

No. 16-1621

SEAN KING,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Judith H. Mizner, Federal Public Defender Office, on brief
for petitioner.
Seth R. Aframe, Assistant United States Attorney, and
Scott W. Murray, United States Attorney, on brief for respondent.

July 10, 2020

**TORRUELLA**, **Circuit Judge**.  Petitioner Sean King ("King") is currently serving a 300-month sentence in federal prison for several offenses including bank robbery, in violation of 18 U.S.C. § 2113(a), as well as the use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Presently, King petitions for leave to file a second or successive motion under 28 U.S.C. § 2255 to challenge anew his § 924(c) conviction and sentence in the district court.  His case presents the single issue of whether § 2113(a) bank robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), which is known as the statute's "force clause." Specifically, King argues that § 2113(a) bank robbery is not a crime of violence under § 924(c)'s force clause because it is an indivisible statute setting forth a single offense that may be violated by alternative means (i.e., by robbery, extortion, or burglary), which do not necessarily "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

Because we determine that § 2113(a) bank robbery is instead a divisible statute setting forth distinct offenses with alternative elements, and because under the modified categorical approach, King's offense of conviction is undoubtedly a crime of

-2-

violence under § 924(c)'s force clause, we decline to grant King the requested second or successive § 2255 relief.

## I.  Background

In 2006, King stood trial on a six-count superseding indictment that charged him with: conspiracy to commit robbery, in violation of 18 U.S.C. § 371 (Count One); robbery of a credit union, in violation of 18 U.S.C. § 2113(a) (Count Two); possession and brandishing of a firearm in furtherance of a crime of violence (based on his firearm) and the same offense without brandishing (based on his co-conspirator's firearm), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) (Counts Three and Four); and interstate possession and transportation of a stolen motor vehicle, in violation of 18 U.S.C. §§ 2312-13 (Counts Five and Six).[1]  The jury convicted King on all six counts, and the district court sentenced him to 360 months' imprisonment.  On direct appeal, we affirmed King's sentence and all of his convictions except on Count Four (the § 924(c)(3) charge predicated on his co-conspirator's firearm).  See United States v. King, 554 F.3d 177, 181, 182 (1st Cir. 2009) (vacating "the conviction and sentence as to count four,

---

[1]  A full recitation of the facts underlying King's convictions can be found in our opinion dismissing his direct appeal. See United States v. King, 554 F.3d 177, 178-80 (1st Cir. 2009).

including the associated $100 special assessment" as "duplicative").

On April 22, 2010, King filed a pro se motion to vacate his sentence for the remaining convictions under 28 U.S.C. § 2255, alleging inter alia, unlawful seizure and improper submission of evidence by the Government, ineffective assistance of counsel at trial and on direct appeal, and bias on the part of the district court judge. On June 2, 2011, King and the Government filed an agreement for an amended sentence of twenty-five years' imprisonment (300 months), according to which King withdrew his motion and waived the right to challenge the amended sentence on direct appeal and collateral attack, except for any "collateral challenge based on new legal principles enunciated . . . in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect." The district court accepted the agreement and resentenced King to 300 months' imprisonment.

Four years later, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551, 2557 (2015) (Johnson II), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA") -- which defines a "violent felony" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii) -- was

"unconstitutionally vague." Based on Johnson II, King applied for leave to file a second or successive motion under 28 U.S.C. § 2255(h)(2). In relevant part, he argued that his remaining § 924(c)(3) conviction (Count Three) and sentence could no longer stand because the § 924(c) residual clause mimics the unconstitutionally vague ACCA residual clause, and his § 2113(a) bank robbery conviction (the predicate crime of violence) does not fit the § 924(c) force clause definition of a crime of violence. See 18 U.S.C. § 924(c)(3)(A). Because we had already held that § 2113(a) is categorically a crime of violence under § 924(c)(3)(A), see, e.g., Hunter v. United States, 873 F.3d 388, 390 n.2 (1st Cir. 2017) ("Because we find that [federal bank robbery] qualifies as a crime of violence under § 924(c)(3)'s force clause, we need not address [his] challenge to the constitutionality of the residual clause."), we ordered King to show cause for "why relief should not be denied" with respect to his contention that § 2113(a) is not a crime of violence under § 924(c)(3)(A). On October 29, 2018, King responded by laying the groundwork for his core contention: § 2113(a) bank robbery is not categorically a crime of violence under the force clause in § 924(c)(3)(A) because, as drafted, the federal bank robbery statute creates an indivisible, overbroad offense that may be

committed by alternative means, which do not involve the use, attempted use, or threatened use of physical force.

On June 24, 2019, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319, 2336 (2019), which effectively extended Johnson II's void-for-vagueness holding to the residual clause in the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B), the more pertinent holding for King's purposes. Following that decision, on October 28, 2019, we ordered the parties to file supplemental briefs "address[ing] fully all issues relevant to [King's] challenge to his § 924(c) conviction under Johnson II and related precedent, including the impact of the Supreme Court's recent decision in [Davis]," emphasizing that the parties should principally confront "the divisibility/overbreadth arguments set out in [King's] response to the order to show cause." Our decision follows the parties' responses.

## II. Discussion

### A. Legal Standard

"Like other federal prisoners seeking to file 'second or successive' habeas petitions, [King] must obtain certification from a court of appeals before presenting [a] petition[] to the district court." Evans-García v. United States, 744 F.3d 235, 237 (1st Cir. 2014) (citing 28 U.S.C. § 2255(h)(2)). Absent "newly discovered evidence," our decision to certify turns on "whether

-6-

the petition 'contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.'" <u>Id.</u> (alteration in original) (quoting 28 U.S.C. § 2255(h)(2)). "[A] prima facie showing at the certification stage is a 'sufficient showing of possible merit to warrant a fuller explanation by the district court.'" <u>Id.</u> (quoting <u>Rodríguez</u> v. <u>Superintendent, Bay State Corr. Ctr.</u>, 139 F.3d 270, 273 (1st Cir. 1998)). "The question . . . is not whether the petition has merit, but instead 'whether it appears reasonably likely' that the petition satisfies the gatekeeping requirements for filing a second or successive petition." <u>Pakala</u> v. <u>United States</u>, 804 F.3d 139, 139 (1st Cir. 2015) (quoting <u>Evans-García</u>, 744 F.3d at 237).

At the same time, we have observed that "despite its superficially lenient language, the [prima facie] standard erects a high hurdle." <u>Moore</u> v. <u>United States</u>, 871 F.3d 72, 78 (1st Cir. 2017) (alteration in original) (quoting <u>Rodríguez</u>, 139 F.3d at 273). Indeed, even where a petitioner successfully identifies "a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable," <u>id.</u> at 79-80, we must then "consider the mixed question of whether 'the petitioner's identified constitutional rule . . . appl[ies] to the petitioner's

-7-

situation,'" id. at 80 (alterations in original) (quoting Evans-García, 744 F.3d at 240).  "If it is 'clear as a matter of law, and without the need to consider contested evidence' that it does not," we will deny the application. Id. (quoting Evans-García, 744 F.3d at 240).

Here, the Government concedes that Davis has announced a new rule of constitutional law that both applies retroactively and was previously unavailable.  The operative analysis thus turns on whether King has made the requisite prima facie showing that the rule applies to his case.  As we will explain, King fails to satisfy this habeas gatekeeping standard.

## B.  Relevant Statutes

We begin with a brief review of the statutory provisions at issue.  "Section 924(c) makes it a crime for 'any person [to], during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or [to], in furtherance of any such crime, possess[] a firearm[.]'"  United States v. Cruz-Rivera, 904 F.3d 63, 65 (1st Cir. 2018) (alterations in original) (quoting 18 U.S.C. § 924(c)(1)(A)).  Section 924(c) then offers two definitions for the term "crime of violence":

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of

another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B) (emphasis added).  The first clause is known as the "force clause."  See Cruz-Rivera, 904 F.3d at 65 (citing United States v. Rose, 896 F.3d 104, 106 (1st Cir. 2018)). The second is the so-called "residual clause," see id., which as we have explained, the Supreme Court invalidated in Davis.  Thus, to qualify as a crime of violence per § 924(c), an offense must now satisfy the definition of the statute's force clause.  With respect to the force clause, the Supreme Court has made clear that "'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010) (Johnson I).

Section 2113(a) bank robbery is the predicate crime of violence for King's § 924(c) conviction.  See 18 U.S.C. § 2113(a). In full, this federal bank robbery statute provides:

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such

-9-

> bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Id. Here, the parties train their eyes on the "taking" (robbery), "extortion" (extortion), and "entering" (burglary) clauses of the statute in their dispute as to whether these clauses constitute alternative means of committing a single offense or alternative elements of distinct offenses.

## C. Crime of Violence Analysis

Because qualification as a crime of violence is a complex and formulaic question of law, we lay out in detail the procedures that guide our analysis. To determine whether the offense described in § 2113(a) qualifies as a crime of violence under § 924(c)(3)(A), we must first decide whether the criminal statute of the predicate offense is indivisible or divisible. See United States v. Faust, 853 F.3d 39, 51-52 (1st Cir. 2017). An indivisible statute contains a single set of elements that may "enumerate[] various factual means of commi[ssion]." Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). By contrast, a divisible statute "sets out one or more elements of the offense in the alternative -- for example, stating that burglary involves entry into a building or an automobile." Descamps v. United States, 570 U.S. 254, 257 (2013).

We employ the categorical approach to dissect indivisible statutes, under which "we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime." Cruz-Rivera, 904 F.3d at 66 (quoting United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017)). If "the minimum criminal conduct necessary to sustain a conviction" involves the use, attempted use, or threatened use of physical force against the person or property of another, then the offense qualifies as a crime of violence under § 924(c)(3)(A). Aguiar v. Gonzáles, 438 F.3d 86, 89 (1st Cir. 2006) (quoting Chery v. Ashcroft, 347 F.3d 404, 407 (2d Cir. 2003)). On the other hand, when a statute is divisible, and when some of the alternative elements require the use, attempted use, or threatened use of physical force while others do not, then we employ the so-called "modified" categorical approach. Descamps, 570 U.S. at 257. Under this approach, we look to a specific subset of materials, including the indictment and jury instructions, to determine which of the enumerated alternatives within the statute constituted the actual crime of conviction. See Mathis, 136 S. Ct. at 2249. Under the modified categorical approach, if the crime of conviction involves the use, attempted use, or threatened use of physical force against the person or property of another, then the offense qualifies as a crime of

violence under § 924(c)'s force clause.  See Faust, 853 F.3d at 52.

Accordingly, when we confront "a statute that lists alternatives, [we] must first determine 'whether [the statute's] listed items are elements or means'" before we can decide whether to apply the categorical or modified categorical approach.  Id. (quoting Mathis, 136 S. Ct. at 2256).  In general, "[a]n element is a 'constituent part[] of a crime's legal definition' that a jury must find to be true to convict the defendant."  United States v. Butler, 949 F.3d 230, 234 (5th Cir. 2020) (second alteration in original) (quoting Mathis, 136 S. Ct. at 2248).  Means, by contrast, are the different ways that a single element of a crime may be committed; and unlike elements, the government need not prove a particular means to obtain a conviction (any of the listed means will do).  See Mathis, 136 S. Ct. at 2249.

Determining whether alternatives within a criminal statute are elements or means "need not be difficult," Faust, 853 F.3d at 52 (citing Mathis, 136 S. Ct. at 2256), so long as we follow the rules of thumb outlined by the Supreme Court, see Mathis, 136 S. Ct. at 2256-57.  First, "the statute on its face may resolve the issue."  Id. at 2256.  Indeed, the text and structure of the statute itself will often serve as the primary authority on whether an alternative is an element or a means.  See

Butler, 949 F.3d at 234; see also United States v. Vidal-Reyes, 562 F.3d 43, 50 (1st Cir. 2009) ("In interpreting the meaning of the statute, our analysis begins with the statute's text."). For example, "[i]f statutory alternatives carry different punishments, then . . . they must be elements." Mathis, 136 S. Ct. at 2256 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). "Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." Id. (quoting United States v. Howard, 742 F.3d 1334, 1348 (11th Cir. 2014)). And in some cases, "a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." Id.

Second, courts may look to precedent interpreting the statute. See Mathis, 136 S. Ct. at 2256. "If a precedential . . . court decision makes clear that a statute's alternative phrasing simply lists 'alternative [means] of committing one offense,' such that 'a jury need not agree' on which alternative [means] the defendant committed in order to sustain a conviction, then the statute is not divisible." United States v. Gundy, 842 F.3d 1156, 1163 (11th Cir. 2016) (citing Mathis, 136 S. Ct. at 2256). Certainly, "[w]hen a ruling of that kind exists, a [court] need only follow what it says." Mathis, 136 S. Ct. at 2256.

-13-

Tracking this framework, King contends that § 2113(a) bank robbery is not a crime of violence. His argument proceeds in two parts. First, he says, § 2113(a) bank robbery is indivisible, setting forth separate means of commission (i.e., by force or violence, intimidation, extortion, or burglary), and therefore we must apply the categorical approach. And second, according to King, applying the categorical approach, § 2113(a) bank robbery does not qualify as a crime of violence because it is overbroad, meaning that the "least culpable conduct" that the statute penalizes (i.e., extortion and burglary) does not have as an element the use, attempted use, or threatened use of physical force. Because we find that § 2113(a) is divisible and that, under the modified categorical approach, King's offense of conviction qualifies as a crime of violence, we need not attend to the second thrust of King's argument in holding that he has failed to make the requisite prima facie showing for second or successive habeas relief.

## 1.

The divisibility of § 2113(a) is a question of first impression for our circuit. As previously mentioned, we have already held "that federal bank robbery" as defined in § 2113(a) is categorically a crime of violence "under the force clause of § 924(c)(3)." Hunter, 873 F.3d at 390. In so holding, we relied

-14-

on United States v. Ellison, 866 F.3d 32, 39 (1st Cir. 2017), in which we held that bank robbery "by force and violence, or by intimidation" under § 2113(a) constituted a crime of violence for the purposes of the career-offender provisions of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.2(a). However, we did not have occasion in either case to address directly whether § 2113(a) is a divisible statute containing alternative elements, or an indivisible statute containing a single set of elements which may be satisfied by alternative means.[2] See United States v. Goodridge, 392 F. Supp. 3d 159, 177 (D. Mass. 2019).

King offers two theories for why § 2113(a) is indivisible. His central argument is that the robbery and extortion clauses in the first paragraph of § 2113(a) denote "alternative means of committing one, indivisible offense and [are] not

---

[2]  This is because in Ellison,

> [t]he parties agree[d] that § 2113(a) sets forth as a separate offense 'by force and violence, or by intimidation, tak[ing], or attempt[ing] to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association,' and that [the defendant] was convicted of this offense.

866 F.3d at 35.  Likewise, in Hunter, we held only that violating § 2113(a) "by intimidation" constitutes a crime of violence under § 924(c)(3)(A).  See 873 F.3d at 390.

-15-

alternative elements of separate offenses."  In other words, King submits that taking (or attempting to take) anything of value from a bank either "by force and violence," "by intimidation," or "by extortion" are three distinct and "equally serious" means of committing the single crime of bank robbery  <u>See</u> 18 U.S.C. § 2113(a).  He bases this contention primarily on his observations that structurally, these distinct ways of violating the statute all carry "the same, single penalty," and textually, "[t]here are no semicolons separating the disjunctive phrases within the first paragraph."  In support of his indivisibility argument, King also points out that we have previously referred to these components of § 2113(a) as "ways" or "means" (as opposed to elements) in two decisions: <u>United States</u> v. <u>Almeida</u>, 710 F.3d 437, 440 (1st Cir. 2013) (stating that "[§] 2113(a) can be violated in two distinct <u>ways</u>: (1) bank robbery, which involves taking or attempting to take from a bank by force, intimidation, or extortion; and (2) bank burglary . . . .") (emphasis added); and <u>Ellison</u>, 866 F.3d at 36 n.2 (stating that § 2113(a) "includes both 'by force and violence, or intimidation' and 'by extortion' as separate <u>means</u> of committing the offense") (emphasis added).  Lastly, King submits that his reading aligns with the legislative history of § 2113(a) because, when Congress amended the statute in 1986 by adding the extortion language, it aimed to overrule a series of cases holding

that the Hobbs Act was the appropriate mechanism for prosecuting bank extortion federally as opposed to § 2113(a). King contends that Congress's addition of extortion language by amendment (instead of creating a new provision altogether) was intended to demonstrate that it already recognized extortion "as an available theory of prosecution inherent in § 2113(a) as originally enacted."

Singing to a similar tune, King argues that the robbery and burglary clauses "are also alternative means of committing the single offense proscribed in § 2113(a)." According to King, this is so because: "the statute does not explicitly define its clauses as alternative elements of different offenses"; "both clauses are contained in the same [subsection] and they carry the same penalty" (as opposed to the separate offenses listed in § 2113(b), which carry different penalties from those listed in § 2113(a)); and we have previously referred to bank burglary as a "distinct way[]" of violating § 2113(a) in Almeida, 710 F.3d at 440. King also adds that any ambiguity as to the divisibility of these clauses should prompt us to invoke the rule of lenity in his favor. On balance, neither of King's theories is persuasive. We address each in turn.

As we have explained, to determine whether the robbery, extortion, and burglary clauses in § 2113(a) represent alternative

means as opposed to alternative elements, we begin with the text of the statute. See Mathis, 136 S. Ct. at 2256-57; Vidal-Reyes, 562 F.3d at 50. King correctly observes that § 2113(a) does not divide the disjunctive list of taking by force or violence, intimidation, or extortion with semicolons, which indeed can be used as syntactical markers of alternative elements. However, the fact that the language "or obtains or attempts to obtain" immediately precedes the phrase "by extortion" (as opposed to "takes, or attempts to take," which relates to the "by force or violence" and "intimidation") nevertheless suggests that extortion is not an alternative means of commission. See 18 U.S.C. § 2113(a). By distinguishing between "take" and "obtain," the syntax of the first paragraph of § 2113(a) "tracks the common law differences between the offenses of robbery (a taking against the victim's will) and extortion (obtaining with the victim's consent)." United States v. Vidrine, No. 2:95-cr-482, 2017 WL 3822651, at *7 (E.D. Cal. Sept. 1, 2017); see also Ocasio v. United States, 136 S. Ct. 1423, 1435 (2016). Indeed, such a linguistic distinction makes sense, as "robbery and extortion are distinct crimes which may be committed in ways that do not overlap." Vidrine, 2017 WL 3822651, at *7; see also United States v. Harris, 916 F.3d 948, 955-56 (11th Cir. 2019) (tracing the history of robbery and extortion and explaining their differences (citing inter alia

-18-

Wayne R. LaFave, Substantive Criminal Law, §§ 20.3-20.4 (6th ed. 2017))).

Additionally, the legislative history behind the 1986 amendment of § 2113(a) cuts against King's interpretation. Congress's intent in adding the extortion language was to resolve a circuit split as to whether the Hobbs Act, 18 U.S.C. § 1591, or § 2113(a) was the preferred channel for prosecuting extortion of federally insured banks in favor of § 2113(a). See H.R. Rep. 99-797, 33 ("The [U.S. House] Committee [on the Judiciary] intends [through Section 51 of the bill] to overrule those cases holding that only the Hobbs Act applies, and those cases holding that both the Hobbs Act and 18 U.S.C. § 2113(a) apply, in order to make 18 U.S.C. § 2113(a) the exclusive provision for prosecuting bank extortion."). Hobbs Act robbery and extortion have generally been treated as separate offenses. See Ocasio, 136 S. Ct. at 1432 (describing "Hobbs Act extortion" as its own "substantive offense"); Evans v. United States, 504 U.S. 255, 263-65 (1992) (recognizing a distinction between Hobbs Act robbery and extortion by separating out the offense of extortion "under color of official right" for elemental analysis). This substantive distinction has prompted several courts to determine that the Hobbs Act is divisible between robbery and extortion. See United States v. Gooch, 850 F.3d 285, 291 (6th Cir. 2017); United States v.

<u>O'Connor</u>, 874 F.3d 1147, 1152 (10th Cir. 2017); <u>see also</u> <u>United States</u> v. <u>Hancock</u>, 168 F. Supp. 3d 817, 821 (D. Md. 2016) (finding that "the Hobbs Act is divisible as there are two or more alternative sets of elements" en route to the court's conclusion that Hobbs Act robbery is a crime of violence under § 924 (c)(3)(A)). Thus, we merely track Congress's intent as expressed through the 1986 amendment by extending that same treatment to § 2113(a) robbery and extortion.

Lastly, we are further persuaded by the fact that our sister circuits have concluded that the robbery and extortion clauses of § 2113(a) constitute alternative elements rather than alternative means. <u>See</u> <u>United States</u> v. <u>Evans</u>, 924 F.3d 21, 28 (2d Cir. 2019) (citing the Ninth Circuit's decision in <u>United States</u> v. <u>Watson</u>, 881 F.3d 782 (9th Cir. 2018), to hold that § 2113(a) bank robbery is categorically a "violent felony" under the ACCA's force clause); <u>Watson</u>, 881 F.3d at 786 (holding that § 2113(a) is a crime of violence under § 924(c)'s force clause because "[it] does not contain one indivisible offense" and "[i]nstead, it contains at least two separate offenses, bank robbery and bank extortion"); <u>see also</u> <u>In re Jones</u>, No. 16-14106, 2016 U.S. App. LEXIS 23578, at *12 (11th Cir. July 27, 2016) (holding that armed bank robbery in violation of § 2113(a) qualifies as a § 924(c)(3)(A) crime of violence notwithstanding

the extortion clause because "[e]xtorting money from a bank . . . clearly constitutes a separate crime that is not 'armed bank robbery'").

Therefore, we do not agree with King that the robbery and extortion clauses denote alternative means of committing a single, indivisible offense. Rather, it is clear from "the relevant text as well as the structure and context of the enactment," Pedraza v. Shell Oil Co., 942 F.2d 48, 51 (1st Cir. 1991), that robbery and extortion under § 2113(a) are alternative elements of distinct offenses.[3]

Similarly, we conclude that the robbery and burglary clauses of § 2113(a) describe "different crimes, not . . . different methods of committing one offense, and are therefore divisible." Goodridge, 392 F. Supp. 3d at 178 (internal quotation marks omitted). To begin, the text and structure of the statute

_____

[3] King points out that in a footnote in Ellison, we referred to "'by force and violence, or intimidation' and 'by extortion' as separate means of [violating § 2113(a)]." 866 F.3d at 36 n.2 (emphasis added). However, our analysis in that case was limited solely to the question of "whether this offense -- violating § 2113(a) by 'force and violence, or intimidation' -- qualifies as a crime of violence under the force clause of the career offender guideline." Id. at 35 (emphasis added). As such, although King urges to the contrary, our use of the phrase "separate means" in Ellison did not mean that § 2113(a) is indivisible. We raised the separateness of the extortion clause merely to highlight the fact that although Black's Law Dictionary includes extortion in the definition of intimidation, the defendant made no argument that § 2113(a) intimidation included extortion. See id. at 36 n.2.

-21-

itself is the strongest evidence supporting divisibility. See Butler, 949 F.3d at 235. The definitions of bank robbery and bank burglary are separated into distinct paragraphs by both a semicolon and the word "or."[4] Indeed, several other circuits have observed that, even though it carries the same statutory penalty as the robbery clause, the burglary clause clearly sets forth an alternative set of elements rather than an alternative means of commission.[5] See id. at 235-36 (holding that defendant was properly sentenced under the ACCA because (1) § 2113(a) is divisible with respect to bank robbery and burglary, and (2) the crime of conviction was bank robbery by intimidation, which qualifies as an ACCA violent felony); United States v. McGuire, 678 F. App'x 643, 645 n.4 (10th Cir. 2017) ("Section 2113(a)

---

[4]  This detracts nothing from our finding that the absence of these syntactical markers in the first paragraph does not necessarily mean that "by extortion" is an alternative means of committing bank robbery.

[5]  King also attempts to equate our characterization of bank burglary in Almeida as a "distinct way[]" of violating § 2113(a) with the proposition that bank burglary is simply a means of violating the statute. The attempt is unavailing. In Almeida, we did not address the divisibility of § 2113(a); rather, we made clear "that our reasoning is limited to the question of what conduct a court may consider in determining the 'most appropriate' guideline pursuant to application note 1 to [U.S.S.G.] § 1B1.2." See 710 F.3d at 443. Contextually, the "distinct way" language is thus also compatible with our present understanding that the statute contains alternative elements of distinct offenses as opposed to alternative means of committing a single offense.

includes at least two sets of divisible elements . . . ."); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016); see also Kucinski v. United States, No. 16-cv-201, 2016 WL 4444736, at *2 n.3 (D.N.H. Aug. 23, 2016) ("It is clear that the 'entering' portion of § 2113(a) sets forth a distinct set of elements, and is divisible under Descamps.").

Thus, we reject King's argument that § 2113(a) is indivisible between the robbery and burglary clauses of the statute. We now turn to the force clause analysis.

**2.**

Because we conclude that § 2113(a) is a divisible statute setting forth alternative elements, we employ the modified categorical approach to determine the offense of conviction, and whether that offense qualifies as a crime of violence under § 924(c)(3)(A). See Descamps, 570 U.S. at 257. Pursuant to that approach, we may consider the indictment and jury instructions from King's case to identify the crime of conviction. See Mathis, 136 S. Ct. at 2256. Here, the superseding indictment charged that King "knowingly, intentionally and unlawfully took by force, violence and intimidation money belonging to" a credit union, and these were the very same elements listed in the jury instructions. This is sufficient to establish that King's offense of conviction was bank robbery, or the taking of money from a credit union "by

-23-

violence or force, or by intimidation," 18 U.S.C. § 2113(a), as opposed to by extortion or burglary. And as our precedent already makes clear, § 2113(a) bank robbery qualifies as a crime of violence under § 924(c)'s force clause.[6] See Hunter, 873 F.3d at 390. Thus, the rule of constitutional law announced in Johnson II and its progeny, including Davis, does not provide relief for King.

Accordingly, King falls far short of the "high hurdle" that must be met for this Court to grant the requested second or successive habeas relief. See Moore, 871 F.3d at 78.

### III.  Conclusion

For the foregoing reasons, we decline to certify King's application for leave to file a second or successive motion under 18 U.S.C. § 2255.

**DENIED**.

---

[6] Because we have determined that § 2113(a) is a divisible statute and confirmed that the crime of conviction is a crime of violence under § 924(c)(3)'s force clause, we do not address King's arguments as to whether the least culpable conduct criminalized by § 2113(a) -- extortion and burglary -- involve the use, attempted use, or threatened use of physical force against the person or property of another.