FILED
United States Court of Appeals
Tenth Circuit

February 26, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Respondent - Appellee,

v.

KEVIN FOLSE,

    Petitioner - Appellant.

No. 23-2128
(D.C. Nos. 1:22-CV-00588-JB-JFR &
1:15-CR-02485-JB-JFR-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

This court has previously affirmed the conviction and sentence of Defendant

Kevin Folse in the United States District Court for the District of New Mexico on four

counts of an indictment: one count of felon in possession of a firearm, *see* 18 U.S.C.

§§ 922(g)(1) and 924(a)(2); two counts of carjacking, *see* 18 U.S.C. § 2119; and one

count of using, carrying, possessing, and brandishing a firearm during and in relation to

and in furtherance of one of the charged carjackings, *see* 18 U.S.C. § 924(c). *See United

States v. Folse*, 854 F. App'x 276, 278–79 (10th Cir. 2021). Now serving that sentence in

a federal prison in Florida, Defendant has moved for relief in New Mexico federal district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court under 28 U.S.C. § 2255, seeking to set aside his conviction and sentence under § 924(c).

On June 30, 2023, the district court denied Defendant's motion, denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255), and entered final judgment. Defendant now requests a COA from this court. We deny the request and dismiss the appeal.

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, Defendant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* He has not made that showing.

To be convicted and sentenced under § 924(c), a defendant must "during and in relation to any *crime of violence* . . . for which the person may be prosecuted in a court of the United States, use[] or carr[y] a firearm, or . . . , in furtherance of any such crime, possess[] a firearm" (emphasis added). Section 924(c)(3) defines *crime of violence* as:

> an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), however, the United States Supreme Court held that the language of alternative (B) is unconstitutionally vague. Defendant therefore argues that his carjacking offense cannot be a crime of violence under § 924(c)(3) and his conviction under § 924(c) must be set aside.

But what about alternative (A)? If the elements of carjacking satisfy that alternative, then carjacking is a crime of violence regardless of the constitutionality of alternative (B). To prove carjacking, the government must show that the accused "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119. We think it clear that this offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Certainly, taking a motor vehicle from another person "by force and violence" requires the use of physical force against the person. And we agree with the other circuits to consider the issue that *intimidation* in the federal carjacking statute necessarily means threatened use of violent physical force. *See United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018); *United States v. Felder*, 993 F.3d 57, 79–80 (2d Cir. 2021); *United States v. Lowe*, No. 20-1311, 2020 WL 4582606, at *1 (3d Cir. July 9, 2020) (unpublished); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Jackson*,

918 F.3d 467, 485–86 (6th Cir. 2019); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Gutierrez*, 876 F.3d 1254, 1256–57 (9th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016); *cf. United States v. McCranie*, 889 F.3d 677, 680–81 (10th Cir. 2018) (bank robbery "by force and violence, or by intimidation," 18 U.S.C. § 2113(a), is a *crime of violence* under § 924(c)). No reasonable jurist could argue that there was error in Defendant's being convicted under § 924(c).

We **DENY** Defendant's request for a COA and dismiss this case. We **GRANT** Defendant's motion to proceed in forma pauperis.[1]

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1] Judge Rossman concurs in the result.