# United States Court of Appeals
## For the First Circuit

No. 22-1541

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS CRUZ-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Thompson and Rikelman, Circuit Judges.

Johnny Rivera-González, for appellant.

Thomas F. Klumper, Assistant United States Attorney, Senior
Appellate Counsel, with whom Mariana E. Bauzá-Almonte, Assistant
United States Attorney, Chief, Appellate Division, and W. Stephen
Muldrow, United States Attorney, were on brief, for appellee.

May 12, 2025

**BARRON, Chief Judge**.  This appeal concerns Carlos Cruz-Rivera's ("Cruz") motion to reduce his sentence.  He brought the motion in 2020 in the United States District Court for the District of Puerto Rico pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act ("FSA"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  After the District Court denied the motion, Cruz appealed.  We vacated and remanded for further consideration in light of our intervening decision in United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022).  On remand, the District Court ordered briefing on Ruvalcaba before ultimately denying the motion in a brief text order that did not specify the ground for the ruling.  Cruz now appeals from that judgment.  We again vacate and remand.

**I.**

**A.**

The path to this appeal begins in September 2015, when a grand jury in the District of Puerto Rico handed up a superseding indictment.  It charged Cruz with three carjacking counts, see 18 U.S.C. § 2119, one weapons-related count, see 18 U.S.C. § 922(g)(1); id. § 924(a)(2), and three counts of violating 18 U.S.C. § 924(c).

Cruz pleaded guilty to the charges in the three carjacking counts but went to trial on the remaining charges.  The jury returned a guilty verdict on each of those charges.

Under § 924(c), it is a crime to "use[] or carr[y] a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c). A conviction for the specific kind of § 924(c) violation for which Cruz was charged carried a seven-year mandatory minimum prison sentence for first-time offenders, as it still does. Id. § 924(c)(1)(A)(ii). In addition, at the time, § 924(c) imposed a twenty-five-year mandatory minimum prison sentence for any "second or subsequent" conviction under its terms, id. § 924(c)(1)(C)(i) (amended 2018), which the Supreme Court had interpreted to encompass even a § 924(c) conviction that the defendant received in the same proceeding as he received his first § 924(c) conviction, see Deal v. United States, 508 U.S. 129, 135-36 (1993). Moreover, as is still the case, a sentence for a § 924(c) conviction had to be served consecutively to any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii).

Thus, although all three of Cruz's § 924(c) convictions resulted from the same trial, two qualified as "second or subsequent" convictions. Id. § 924(c)(1)(C)(i) (amended 2018). Those convictions therefore each carried a twenty-five-year mandatory minimum prison sentence, which had to be served consecutively not only to one another but also to both the mandatory seven-year prison sentence that Cruz's first § 924(c) conviction carried and the sentences imposed for each of his convictions on his other charges.

As a result, on March 2, 2016, the District Court sentenced Cruz to a total term of imprisonment of 872 months, or nearly 73 years.  Of that total, 684 months of imprisonment were attributable to his § 924(c) sentences.  Accordingly, Cruz, who was 41 at the time, received the equivalent of a life sentence.

**B.**

We affirmed the District Court's judgment on appeal. See United States v. Cruz-Rivera, 904 F.3d 63 (1st Cir. 2018).[1] Soon thereafter, in December 2018, Congress enacted the First Step Act, 132 Stat. 5194.

The FSA represented a "bipartisan effort to remedy past overzealous use of mandatory-minimum sentences." United States v. Henry, 983 F.3d 214, 218 (6th Cir. 2020).  Two FSA provisions are relevant to this appeal.

The first provision is § 603(b).  Generally, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  But 18 U.S.C. § 3582(c)(1)(A) provides that a district court "may reduce a term of imprisonment" when (1) "extraordinary and compelling reasons warrant such a

---

[1] On June 10, 2019, after mandate had issued in his appeal, Cruz filed a motion with the District Court that requested resentencing in light of the Supreme Court's decision in Dean v. United States, 581 U.S. 62 (2017).  The Court held there that, when fashioning an appropriate sentence for a § 924(c) predicate offense, a district court may take into account the length of the mandatory sentence for the § 924(c) conviction.  Id. at 71.  The District Court denied the motion.

reduction," id. § 3582(c)(1)(A)(i); (2) the reduction is "consistent with applicable [United States Sentencing Commission ("Sentencing Commission")] policy statements," id. § 3582(c)(1)(A); and (3) "consider[ing] any applicable [§] 3553(a) factors," the district court determines that the reduction is "warranted . . . under the particular circumstances of the case," United States v. Texeira-Nieves, 23 F.4th 48, 52 (1st Cir. 2022) (quoting United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)).

Prior to the enactment of § 603(b) of the FSA, a motion under § 3582(c)(1)(A) had to be made by the U.S. Bureau of Prisons ("BOP") on a defendant's behalf. See United States v. Brooker, 976 F.3d 228, 231 (2d Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A) (2017)). Section 603(b) removed that limitation by providing, for the first time, that a defendant may file a motion under § 3582(c)(1)(A) after exhausting administrative remedies with the BOP.

On May 26, 2020, Cruz took advantage of this change by filing the sentence-reduction motion before us here.[2] In doing

---

[2] Cruz also filed a petition pursuant to 28 U.S.C. § 2255 on March 31, 2020, seeking to vacate his sentence on various grounds. The District Court denied the petition as untimely on September 27, 2023. On September 23, 2024, we denied Cruz's request for a certificate of appealability in that case. See Cruz-Rivera v. United States, No. 23-1984, 2024 WL 5010801 (1st Cir. Sept. 23, 2024).

so, Cruz invoked the other provision of the FSA that is relevant to his appeal -- § 403.

That provision of the FSA broke with the Supreme Court's ruling in Deal, 508 U.S. at 135-36.  It provided that a § 924(c) conviction is subject to a twenty-five-year mandatory minimum prison sentence only if the "violation . . . occurr[ed] after a prior conviction under [§ 924(c)] . . . bec[a]me final."  FSA § 403(a) (amending 18 U.S.C. § 924(c)(1)(C)).

The FSA did not make the application of this amendment retroactive, however.  By its own terms, it did not apply in the case of individuals, like Cruz, whose mandatory sentences for violating § 924(c) were imposed prior to the FSA's enactment.[3]  See id. § 403(b).  Nonetheless, in his sentence-reduction motion, Cruz invoked § 403 to argue that the "previous practice of stacking

---

[3] After our decision in Cruz's earlier appeal and soon after the FSA took effect, Cruz timely filed a petition for certiorari in the Supreme Court of the United States.  He argued that the FSA entitled him to resentencing because his case was "pending" on direct review when the FSA was enacted.  Petition for Writ of Certiorari, No. 18-7974 (U.S. Feb. 11, 2019).  The Supreme Court denied the petition, see Cruz-Rivera v. United States, 586 U.S. 1255 (2019), but several months later, it vacated the Sixth Circuit's judgment in a similar case -- which had likewise been pending on direct review when the FSA was enacted -- with instructions to "consider" the FSA, see Richardson v. United States, 139 S. Ct. 2713 (2019) (mem.).  Cruz then moved for us to recall the mandate in his case and to remand for resentencing under the FSA.  We denied the motion.  We explained that Congress intended for the FSA's amendments to apply only to defendants who had not yet been sentenced at the time of its enactment, and not to defendants whose cases were pending on direct review.  United States v. Cruz-Rivera, 954 F.3d 410, 413 (1st Cir. 2020).

under § 924(c) resulted in excessively harsh sentences," and that "extraordinary and compelling reasons" therefore existed to reduce what he contended was the equivalent of a life sentence that had been imposed in his case.

Specifically, Cruz requested in his motion that the District Court reduce his prison sentence by 432 months (or 36 years) "to reflect how he would be sentenced under § 924(c) as currently written." According to Cruz, "without changes to his sentence on other counts, [his] second and third stacked 25-year sentences would be replaced by two 7-year stacked sentences," amounting to an eighteen-year reduction on each count.

The government opposed Cruz's motion. It argued that, as a matter of law, the District Court "lack[ed] authority to grant [the] relief" requested. The government contended that Cruz, "in effect, [was] seeking retroactive application of [§] 403 of the [FSA]," even though Congress had "expressly declined to extend the benefit of the amended [§] 924(c) to defendants like Cruz[]" who were sentenced before the FSA's enactment.

The government also argued that, based on the Sentencing Commission policy statement addressing sentence-reduction motions under § 3582(c)(1)(A), the only "reasons" that could constitute "compelling and extraordinary reasons" for a sentence reduction were the defendant's medical condition, age, and family circumstances. The government therefore contended that the policy

statement did not "provide[] any basis for [relief] based on reevaluation of the severity of the original sentence."

On October 21, 2020, the District Court denied Cruz's motion in a brief text order, which stated that the denial was "for the reasons indicated by the government." Cruz then timely appealed.

While the appeal was pending, we decided United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022). We held there that the policy statement concerning sentence-reduction motions then in effect applied only to motions that the BOP itself brought. Id. at 20-21. In consequence, we held that district courts considering defendant-initiated sentence-reduction motions were not bound in their assessments of the motions by that policy statement. Id. at 23-24.

Thus, we explained that, at least until the Sentencing Commission issued an updated policy statement applicable to defendant-initiated motions for sentence reductions, district courts were required to assess such motions for consistency with the statutory "extraordinary and compelling standard," but not for consistency with the standard set forth in the then-operative policy statement.[4] Id. at 23-24. We further held that, as part

_____

[4] We noted, however, that "[i]f and when the Sentencing Commission issues updated guidance applicable to prisoner-initiated motions for sentence reductions consistent with

- 8 -

of those assessments, district courts may consider, "on a case-by-case basis," whether a nonretroactive sentencing amendment, "predicated on a defendant's particular circumstances[,] comprise[s] an extraordinary and compelling reason, and, thus, satisf[ies] the standard for compassionate release." Id. at 28 (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

Based on our decision in Ruvalcaba, we vacated the District Court's order denying Cruz's sentence-reduction motion and remanded "for further consideration consistent with . . . [that decision]." On remand, the District Court ordered the parties to file memoranda addressing the impact of Ruvalcaba on Cruz's motion and "whether the previous practice of 'stacking' pursuant to [§] 924(c) meets the definition of extraordinary and compelling reasons in [Cruz's] case."

---

both [§] 3582(c)(1)(A) and the Sentencing Commission's statutory mandate[,] . . . district courts addressing such motions not only will be bound by the statutory criteria but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that guidance." Ruvalcaba, 26 F.4th at 23-24 (1st Cir. 2022). On November 1, 2023, an updated policy statement went into effect, revising the Sentencing Commission's guidance to encompass defendant-initiated sentence-reduction motions. See U.S.S.G. amend. 814 (Nov. 1, 2023) (amending U.S.S.G. § 1B1.13). Although Cruz discusses the amended policy statement in a supplemental brief, neither party has contended to us that the updated policy statement, which went into effect after Cruz filed his motion for a sentence reduction, applies in his case. Thus, we assume that, as in Ruvalcaba, the District Court in this case was obligated to assess his motion "primarily through the lens of the statutory criteria." 26 F.4th at 24.

After considering those submissions, the District Court denied Cruz's motion on June 24, 2022, once again in a brief text order. The order stated that the District Court was denying the motion "[h]aving reviewed the court of appeals' judgment in this case, its opinion in [Ruvalcaba], and the parties' well-thought out and thorough filings." Cruz thereafter timely filed this appeal.

## II.

We review a district court's denial of a sentence-reduction motion under § 3582(c)(1)(A) for abuse of discretion. Saccoccia, 10 F.4th at 4-5. In doing so, we review questions of law de novo and findings of fact for clear error. Ruvalcaba, 26 F.4th at 19.

Cruz contends that, under Ruvalcaba, the nonretroactive changes to § 924(c)'s sentencing regime give rise, in his specific case, to an "extraordinary and compelling" reason for reducing his sentence. He goes on to contend that the District Court erred as a matter of law in denying his motion for a sentence reduction because the District Court did so based on a "misunderstanding [about] the scope of its discretion" to grant him the relief requested "based on a prospectively applicable change in the law."

In support of this argument, Cruz asserts that the District Court failed to provide "any reasonable and prudent explanation" for its ruling. He also emphasizes that the District

- 10 -

Court never indicated that, "after weighing the 18 U.S.C. § 3553(a) factors, it would deny a sentence reduction regardless of the scope of its second-look authority." See United States v. Canales-Ramos, 19 F.4th 561, 569 n.4 (1st Cir. 2021) ("[A] district court's supportable determination that the [§] 3553(a) factors weigh against the granting of compassionate release constitutes an independently sufficient basis to uphold a denial of such relief.").

The government responds, in part, by asserting that Cruz has failed on appeal to contest "the [D]istrict [C]ourt's determinations that he failed to provide an extraordinary and compelling reason to reduce his sentence, or alternatively, [that] the § 3553(a) factors did not weigh in favor of a sentence reduction." It argues that Cruz therefore has waived "any argument on either ground."

Based on the arguments that Cruz has set forth in his briefing to us, we are not persuaded by the government's contention regarding waiver. We thus train our focus on the government's alternative contention for affirming the ruling below, which is that Cruz's challenge on appeal is without merit.

**A.**

The government acknowledges that the District Court's text order denying Cruz's motion does not expressly state the specific statutory ground for the denial. Even so, the government

- 11 -

argues that we must affirm the District Court because, looking to the "entire context and record," Texeira-Nieves, 23 F.4th at 56, we must "infer that the [D]istrict [C]ourt followed the government's reasons for denying [Cruz's] motion," see United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) ("[A] court's reasoning can often be inferred by comparing what was argued by the parties . . . with what the judge did."). As a result, the government argues, we must conclude that the District Court "relied upon two [permissible] grounds" in denying Cruz's motion: that Cruz "failed to provide an extraordinary and compelling reason to reduce his sentence," and, alternatively, that "the § 3553(a) factors . . . did not weigh in favor of a sentence reduction." We cannot agree.

**1.**

It is true that a determination by the District Court "that the balance of the [§] 3553(a) factors weighs against a sentence reduction [could] constitute[] an independent reason" to affirm the judgment denying Cruz's motion. Texeira-Nieves, 23 F.4th at 54; see also Canales-Ramos, 19 F.4th at 569 n.4. But it is not clear from the District Court's brief text order that any such determination was made here.

The government acknowledges that only one of the arguments that it made to the District Court for denying Cruz's motion concerned the § 3553(a) factors. The other concerned Cruz

- 12 -

having failed to satisfy the "extraordinary and compelling reasons" requirement, which, if supported on this record, itself would provide a sufficient basis for denying Cruz's motion. Thus, because the District Court's order denying the motion merely references the "parties' . . . filings" without identifying any specific ground for the denial, let alone referencing § 3553(a) or its factors, we agree with Cruz that we cannot rule out the possibility that the District Court relied solely on the "extraordinary and compelling reasons" ground that the government advanced in denying Cruz's motion. We therefore cannot affirm the District Court's denial of the motion based on its evaluation of the § 3553(a) factors, as we have no basis for concluding that the District Court undertook any such evaluation.

**2.**

There remains to address, of course, the other ground that the government advanced below for denying Cruz's motion, which concerns the statutory "extraordinary and compelling reasons" requirement. But Cruz contends that we cannot rely on this ground to affirm the ruling below because the District Court erred as a matter of law insofar as it denied his motion based on its determination that he failed to satisfy this requirement. We now turn to that aspect of Cruz's challenge on appeal.

As noted above, we made clear in <u>Ruvalcaba</u> that, in assessing whether a sentence-reduction motion that invokes a

nonretroactive sentencing amendment meets the statutory "extraordinary and compelling reasons" standard, a district court may consider the sentencing amendment in question so long as it does so "on an individualized basis, grounded in [that] defendant's particular circumstances." Id. at 16. In addition, we identified in Ruvalcaba the defendant's "relatively young age at the time he began serving his life term and the gross disparity between his pre-FSA mandatory sentence and his putative post-FSA mandatory minimum" as a potential ground for concluding that the nonretroactive sentencing amendment in question "manifest[ed]" in his individual case in a way that gave rise to an "extraordinary and compelling reason[]" for relief. Id. at 24; see also United States v. McCoy, 981 F.3d 271, 285-86 (4th Cir. 2020) (explaining that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief").

The government correctly argued to the District Court that, under Ruvalcaba, "the mere fact of a 'pre-First Step Act mandatory [sentence] . . . cannot, standing alone, serve as the basis for a sentence reduction.'" 26 F.4th at 28 (quoting United States v. McGee, 992 F.3d 1035, 1048 (10th Cir. 2021)). And we do not doubt that the government is right that, in ruling as it did on Cruz's motion, the District Court "understood that, after

- 14 -

Ruvalcaba, it could consider non-retroactive FSA sentencing changes, including the § 924(c)[] stacking provision change" as "part of the extraordinary and compelling calculus."

We are not similarly confident, however, that the District Court understood that, under Ruvalcaba, factors such as the size of the claimed sentencing disparity and the defendant's age at sentencing can, in combination, make the passage of a nonretroactive sentencing amendment an "extraordinary and compelling reason" to reduce that particular defendant's sentence. In that regard, we note that in making the case that Cruz had not satisfied the "extraordinary and compelling reasons" requirement, the government argued to the District Court that a nonretroactive sentencing amendment must be paired with "other factors" to "form the basis for a successful motion under [§] 3582(c)(1)(A)" (emphasis added). And, notably, in pressing that contention, the government does not appear to have treated such "other factors" as encompassing the kind of individualized considerations Cruz is relying on here -- namely, the size of the disparity in his mandatory sentence relative to what that sentence would have been under the nonretroactive amendment to § 924(c)'s stacking regime and his age at the time that he received his mandatory sentence.

Indeed, in the proceedings on Cruz's sentence-reduction motion before the District Court, the government never addressed Cruz's contention that there were "extraordinary and compelling

reasons" for granting his motion due to the 36-year disparity between the sentence that he received under § 924(c) and the sentence he would have received under its amended provision. Nor did the government address Cruz's contention that the disparity resulted in a sentence confining him to prison for the remainder of his life. Instead, the government simply argued that Cruz had "failed to demonstrate an 'extraordinary and compelling' reason to modify his sentence" and then cited to some of the facts surrounding his commission of the offenses underlying his convictions.

We are therefore concerned that the government's arguments to the District Court about the "compelling and extraordinary reasons" requirement were susceptible to being understood as arguments for treating that requirement as stricter than Ruvalcaba held that it is. More specifically, our concern is that the government's arguments suggested that, contrary to Ruvalcaba, Cruz could not, as a matter of law, satisfy the "extraordinary and compelling reasons" requirement based only on the factors that he identified because those factors all pertained to the effect that the FSA's amendment to § 924(c) would have had on the length of his sentence had that amendment been retroactive.

This concern about what the government may have been understood to have argued is reinforced by the fact that, on appeal, the government faults Cruz for "present[ing] no other

- 16 -

factor" -- apart from his stacked § 924(c) sentences -- "supporting a sentence reduction." The government faults Cruz in this regard even though he has consistently argued that the size of the sentencing disparity for his § 924(c) sentences and the fact of his resulting life-equivalent prison term qualify as a "compelling and extraordinary" reason to grant a sentence reduction in his specific case. Thus, given the District Court's sparse text order denying Cruz's motion, we cannot rule out the possibility that the District Court relied on an impermissibly narrow view of what, under Ruvalcaba, may constitute "extraordinary and compelling reasons" for relief.

**B.**

That said, we emphasize that we express no view as to whether the specific reason that Cruz asserts for reducing his sentence satisfies the "extraordinary and compelling reasons" requirement in his case. Nor do we attempt to resolve whether, insofar as that reason does satisfy the statutory standard, a reduction in his sentence would be warranted after accounting for the § 3553(a) factors. Instead, we conclude only that, due to the nature of the arguments that the government advanced below and the sparse text order that the District Court issued in denying Cruz's motion, it is "impossible to determine, based on this record, whether . . . [the error Cruz alleges] occurred." United States v. Mendez, 802 F.3d 93, 98 (1st Cir. 2015). Accordingly, we

conclude that "appellate review is unworkable" and "a remand is necessary," id., to ensure that, insofar as the District Court in resolving Cruz's motion addresses the "extraordinary and compelling reasons" requirement, it applies a proper understanding of that requirement under Ruvalcaba rather than the unduly narrow understanding that the government may be understood to have advanced below, see also United States v. Gilman, 478 F.3d 440, 446-47 (1st Cir. 2007) ("[I]f we are in fact unable to discern from the record the reasoning behind the district court's [conclusion], appellate review is frustrated and 'it is incumbent upon us to vacate . . . .'" (quoting United States v. Feliz, 453 F.3d 33, 36 (1st Cir. 2006))).

## C.

There is one last point to address.  Cruz contends in a supplemental brief on appeal that the District Court's denial of his separate § 2255 petition, which included a short discussion of the sentence-reduction motion at issue here, indicates that the District Court "show[ed] partiality and [an] intent to hold its position even though this Court . . . ordered [it] to consider [Ruvalcaba] before making a final determination in this case."  On that basis, Cruz requests that, if we vacate and remand the ruling denying his motion to reduce his sentence, we assign the case on remand to a different district court judge.  We see no basis,

however, for concluding that there was any partiality in the habeas proceedings.  We therefore deny this request.

**III.**

The judgment of the District Court is **vacated** and the matter is **remanded** for further consideration consistent with this opinion.