# United States Court of Appeals
## For the First Circuit

No. 22-1055

ANTHONY M. SHEA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

No. 23-1544

UNITED STATES,

Appellee,

v.

ANTHONY M. SHEA,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Judith H. Mizner, Assistant Federal Public Defender, for
appellant.

Alexander S. Chen, Assistant United States Attorney, with whom John J. McCormack, Acting United States Attorney, was on brief, for appellee.

February 23, 2026

BARRON, **Chief Judge**.  In these consolidated appeals, Anthony M. Shea ("Shea") challenges two rulings by the United States District Court for the District of New Hampshire: an order partially denying Shea's request for relief under 28 U.S.C. § 2255 and an entry of amended judgment resentencing Shea for his prior criminal convictions.  In his § 2255 motion, Shea sought in part to vacate his two convictions for violating 18 U.S.C. § 924(c).  They were among the fourteen convictions that he received following a federal criminal trial in the District of New Hampshire in 1997 and for which he was ultimately sentenced to a term of life imprisonment.  He further sought in that motion to be resentenced based on his contention that his designation as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") had been rendered retroactively erroneous.  See Shea v. United States, 976 F.3d 63, 81-82 (1st Cir. 2020).

The District Court denied Shea's § 2255 motion insofar as it challenged his § 924(c) convictions, but it granted the motion insofar as it requested resentencing because of the concededly erroneous application of the career offender guideline to him.  In the first of these consolidated appeals, Shea challenges the District Court's partial denial of his § 2255 motion.  In the second, he challenges the District Court's post-resentencing entry of amended judgment "insofar as it imposed

sentences for the § 924(c) convictions." We affirm the judgments at issue in each of these appeals.

## I.

Following his federal criminal trial in the District of New Hampshire in 1997, Shea was convicted on fourteen counts for his role in bank and armored-car robberies in the 1990s. Counts one through three, which pertained to an overarching conspiracy related to the robberies, charged Shea with racketeering, conspiracy to commit racketeering, and conspiracy to commit armed robbery, in violation of 18 U.S.C. §§ 1962(c)-(d) and 371. Counts four through seven, which pertained to a robbery in Seabrook, New Hampshire, charged Shea with substantive Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, using or carrying a firearm in relation to a crime of violence, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 1951, 924(c), and 922(g)(1). Counts eight through fourteen, which pertained to a robbery in Hudson, New Hampshire, charged Shea with the same four crimes just listed, as well as carjacking, bank robbery with a dangerous weapon, and possession of a firearm as an unlawful drug user, in violation of §§ 2119, 2113(d), and 922(g)(3). We provided greater detail about these convictions in our decision rejecting Shea's direct appeal. See United States v. Shea, 211 F.3d 658, 663-64, 676 (1st Cir. 2000). For present purposes, it suffices to

- 4 -

recount the following facts and procedural history to set the stage for our analysis with respect to the appeals at issue here.

Section 924(c), in relevant part, makes it a crime to use or carry a firearm "during and in relation to" a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" under that provision as "an offense that is a felony and":

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

Subsection (A) is referred to as the "force clause" or "elements clause." See United States v. Cruz-Rivera, 904 F.3d 63, 65 (1st Cir. 2018); Delligatti v. United States, 604 U.S. 423, 426 (2025). Under that clause, courts apply the "categorical approach" to determine whether an offense qualifies as a predicate "crime of violence" under § 924(c), asking "whether the offense in question always involves the use, attempted use, or threatened use of force." Delligatti, 604 U.S. at 426 (emphasis added) (citation modified). Subsection (B) is known as the "residual clause," id., and is addressed further below.

The first of Shea's two § 924(c) convictions pertained to the robbery in Seabrook, New Hampshire. The second pertained to the robbery in Hudson, New Hampshire.[1] The jury at Shea's criminal trial in the District of New Hampshire was instructed that, for the Seabrook-robbery-related § 924(c) charge, the predicate "crime of violence" could be either: (1) substantive Hobbs Act robbery or (2) conspiracy to commit the same. It was also instructed that, for the Hudson-robbery-related § 924(c) charge, the predicate "crime of violence" could be: (1) substantive Hobbs Act robbery, (2) conspiracy to commit the same, or (3) bank robbery with a dangerous weapon.

The jury returned a general verdict of guilty as to all counts, including the two § 924(c) counts and their predicates. In the presentence report ("PSR") prepared by the government in advance of Shea's sentencing, Shea was designated a "career offender" under U.S.S.G. § 4B1.1. As relevant here, that guideline deems an individual a "career offender" for sentencing purposes if the offense of conviction is a felony "crime of violence" and the individual "has at least two prior felony convictions" for offenses that constitute a "crime of violence." Id. § 4B1.1(a)(2)-(3).

---

[1] As to both counts, Shea was alternately charged with violating, or with aiding and abetting violations of, § 924(c). That distinction has no bearing on this appeal.

At the time of Shea's conviction, that guideline defined "crime of violence" as any felony offense that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a) (1997).  Shea's "career offender" designation was based on two prior convictions -- one for armed bank robbery and another for assault and battery -- unrelated to the proceedings outlined here.  The application of that guideline, however, did not ultimately factor into the calculation of Shea's offense level, as other factors -- which superseded the offense level of the "career offender" designation -- resulted in a higher offense level for the calculation of his sentence.

The District Court sentenced Shea to 240-month terms of imprisonment for each of his § 924(c) convictions, to be served consecutively to each other and to all other sentences.  The court also sentenced him to life imprisonment for his conviction for carjacking under 18 U.S.C. § 2119 and to 60-, 120-, 240-, and 300-month terms of imprisonment on the remaining counts, with those terms and his life sentence to be served concurrently.

Shea appealed the convictions and sentences to our Court, and we affirmed. See Shea, 211 F.3d at 676. Shea thereafter filed a pro se § 2255 motion, which was denied.

In 2015, the Supreme Court decided Johnson v. United States, which addressed the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"). See 576 U.S. 591, 593 (2015); 18 U.S.C. § 924(e)(2)(B). That definition, like the definitions of "crime of violence" under § 924(c) and U.S.S.G. § 4B1.2(a) (1997), contains a force clause and a residual clause.[2] See Johnson, 576 U.S. at 593-94 (quoting 18 U.S.C. § 924(e)). The Court in Johnson held that the residual clause in ACCA's definition of "violent felony" was unconstitutionally vague. Id. at 597.

The next year, the Supreme Court decided Welch v. United States, 578 U.S. 120 (2016). It held there that Johnson announced a new substantive rule that applied retroactively on collateral review. Id. at 135.

Based on Johnson and Welch, Shea sought authorization from our Court under 28 U.S.C. § 2255(h) to file a second or successive § 2255 motion to challenge his two § 924(c) convictions and his sentences. He argued as to the latter that he no longer qualified as a "career offender" under the sentencing guidelines.

---

[2] ACCA's residual clause definition of "violent felony" includes an offense that is a felony and "involves conduct that presents a serious potential risk of physical injury to another." Johnson, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

While that motion was pending, the Supreme Court decided United States v. Davis, which extended the logic of Johnson to § 924(c) by holding that the residual clause definition of "crime of violence" under § 924(c)(3)(B) was unconstitutionally vague. See 588 U.S. 445, 448, 451-52, 470 (2019).

Following the Court's decision in Davis, we granted Shea's request for authorization to file a second or successive § 2255 motion in the District of New Hampshire. In that § 2255 motion, Shea argued in part that his § 924(c) convictions should be vacated in light of Davis.

The District Court disagreed. Although it agreed that the jury instructions that were given at Shea's trial had been "rendered retroactively erroneous by the decision in Davis," it found that error "harmless beyond any doubt." That was so, the District Court reasoned, because "Shea was also convicted of two substantive robbery offenses" that were "interrelated and coextensive [with the conspiracy offenses] in every material respect" -- and those substantive offenses "did, and still do, qualify as predicate 'crimes of violence' under [s]ection 924(c)." Accordingly, the District Court held that the jury's verdict on Shea's § 924(c) convictions "remain[s] valid."

Shea also contended in his § 2255 motion that he no longer qualified as a "career offender" under the sentencing guidelines. In support, he argued that his predicate convictions

no longer met the definition of "crime of violence" for the career offender guidelines, which, he contended, was a requirement for the enhancement to apply under Johnson. Accordingly, he requested that the court "vacate his sentence and resentence him."

In response to this portion of Shea's § 2255 motion, the government conceded that Shea was no longer a "career offender," and it therefore did not object to the District Court resentencing him. It contended, however, that Shea's life sentence on the carjacking count, which was imposed pursuant to a separate guideline, should still stand.

As to this portion of the § 2255 motion, the District Court agreed that Shea was no longer a "career offender" under Johnson. It initially declined to decide, however, whether it should grant Shea's request for plenary resentencing, noting that Shea's "'career offender' designation at the time of his sentencing played no role in enhancing" his guidelines sentencing range because other guidelines had a greater effect and thus "superseded" that designation. Following a hearing, however, it granted Shea's request for plenary resentencing.

Proceedings related to Shea's resentencing then took place in the trial court. The same judge who had considered Shea's § 2255 motion presided over these resentencing proceedings. After hearing from the parties, the District Court resentenced Shea to consecutive 60-month terms of imprisonment on each of his § 924(c)

convictions and a 180-month term of imprisonment on his carjacking conviction. The court entered amended judgment accordingly.

Following the District Court's rulings on Shea's § 2255 motion, Shea sought a certificate of appealability from our Court to challenge the partial denial of that motion, as he contended that the District Court erred in failing to vacate his § 924(c) convictions pursuant to Davis. He also filed a direct appeal of the District Court's judgment resentencing him, challenging that judgment "insofar as it imposed sentences for the § 924(c) convictions." We granted the certificate of appealability and consolidated the two appeals. Shea filed a single brief in support of them.

## II.

We start with Shea's challenge to the District Court's denial of his § 2255 motion to vacate his § 924(c) convictions based on the jury having been instructed on both valid and invalid alternative predicate offenses. Shea rests this challenge on Davis, as he contends based on that decision that the offense of conspiracy to commit robbery is no longer a valid § 924(c) predicate.

The government does not dispute that conspiracy to commit robbery no longer constitutes a "crime of violence" for purposes of § 924(c) and thus that the jury instructions in Shea's trial were rendered erroneous by the later-decided Davis case. It

also does not contest Shea's assertion that, under Hedgpeth v. Pulido, 555 U.S. 57, 60-61 (2008) (per curiam), and Skilling v. United States, 561 U.S. 358, 414 (2010), "constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may rest on a legally invalid theory."  (Quoting United States v. Latorre-Cacho, 874 F.3d 299, 303 (1st Cir. 2017).)  But, as Shea acknowledges, an erroneous jury instruction warrants granting a § 2255 motion only if the petitioner can show that the instructional error had a "substantial and injurious effect or influence in determining the jury's verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  Shea contends, however, that the District Court erred in ruling that he failed to meet that standard.

To make that argument, Shea first points out that a court must apply the categorical approach to determine what constitutes a "crime of violence" under § 924(c).  As a result, he explains, a court must "ignor[e] the particular facts of [a] case" in making that determination.  Mathis v. United States, 579 U.S. 500, 504 (2016).  In his view, it follows that, in determining whether an instructional error about what constitutes a "crime of violence" under § 924(c) was harmless, a court must similarly apply the categorical approach and so must similarly "ignore[e] the particular facts of the case."  Id.  For that reason, Shea argues, the District Court erred in denying his § 2255 motion to vacate

- 12 -

his two § 924(c) convictions because it did so on the ground that the instructional error in his case was harmless "beyond any doubt" based on its determination that the facts in the record showed that the valid and invalid predicate crimes were "interrelated and coextensive." We disagree.

Shea cites no controlling authority that supports his view that, if an instructional error relates to a crime-of-violence predicate under § 924(c), then a court must incorporate the categorical approach into the harmless error inquiry. In fact, he acknowledges that, in similar cases, we have considered the factual circumstances of the case at hand in rejecting challenges to instructional errors involving crime-of-violence predicates. See United States v. Serrano-Delgado, 29 F.4th 16, 21, 28 (1st Cir. 2022) (finding it "not possible" "on this record" to conclude that the jury did not rely on a valid predicate for the defendant's § 924(c) and (j) convictions); United States v. Rodríguez-Santos, 56 F.4th 206, 219-20 (1st Cir. 2022) (on plain error review, concluding that the defendant could not show that a § 924(c) instructional error "affected his substantial rights" in part because the valid and invalid predicates were "inextricably intertwined" (citation modified)).

Moreover, Shea does not dispute that, ordinarily, to determine whether it was harmless error for a district court to instruct a jury on "multiple theories of guilt, one of which is

- 13 -

improper," Hedgpeth, 555 U.S. at 61, a court should examine the factual circumstances and the record before it in evaluating the effect of the error on the jury's verdict.[3] See Pulido v. Chrones, 629 F.3d 1007, 1019-20 (9th Cir. 2010), cert. denied, 565 U.S. 918 (2011), abrogated on other grounds by Sansing v. Ryan, 41 F.4th 1039 (9th Cir. 2022). And we see no reason why a different approach to harmless error review would be required or appropriate when the instructional error results from a district court's erroneous instruction as to whether an offense qualifies as a "crime of violence" under the categorical approach.

The categorical approach is used to "assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c)." Cruz-Rivera, 904 F.3d at 66. By contrast, harmless error analysis is used to assess whether "the jury verdict would have been the same absent [an] error." Neder v. United States, 527 U.S. 1, 17 (1999). Thus, the categorical approach is used to determine whether a court has erred in instructing the

_____

[3] As the Supreme Court explained in O'Neal v. McAninch, harmless error analysis is a legal inquiry rather than a factual one. See 513 U.S. 432, 436 (1995) (describing the inquiry as "involv[ing] a judge who applies a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect," asking whether the judge "think[s] that the error substantially influenced the jury's decision"); see also Granda v. United States, 990 F.3d 1272, 1295 (11th Cir. 2021) ("[A] judge conducting a Brecht harmless error analysis . . . asks as a matter of law whether there is grave doubt about whether an instruction on an invalid predicate substantially influenced what the jury already found beyond a reasonable doubt.").

- 14 -

jury about whether a predicate offense constitutes a "crime of violence."  But the determination on direct appeal of whether that error was harmless turns on whether, "<u>in the setting of a particular case</u>," that error may be "so unimportant and insignificant that [it] may . . . be deemed harmless." <u>Chapman</u> v. <u>California</u>, 386 U.S. 18, 22 (1967) (emphasis added).  And that determination in a collateral review proceeding, like the one at hand, turns on whether, after reviewing the record, a judge "is in grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict."  <u>O'Neal</u> v. <u>McAninch</u>, 513 U.S. 432, 436 (1995) (citation modified).  Accordingly, there is no reason for the harmless error analysis to bar consideration of whether the invalid theory was intertwined with the valid one.

Our conclusion is bolstered by the opinions of our sister circuits, which -- when confronted with an argument like the one Shea advances here -- have rejected it.  <u>See</u> <u>Granda</u> v. <u>United States</u>, 990 F.3d 1272, 1295 (11th Cir. 2021) (rejecting request to "extend[] the categorical approach . . . to the context of determining on which of several alternative predicates a jury's general verdict relied"); <u>United States</u> v. <u>Reed</u>, 48 F.4th 1082, 1089 (9th Cir. 2022) (reasoning that "there is no need to employ the categorical approach because each offense has already been categorized appropriately" and that a reviewing court's "task is

instead to determine whether the error of instructing the jury on one valid and one invalid theory is grave enough to warrant reversal"); Nicholson v. United States, 78 F.4th 870, 886 (6th Cir. 2023) (stating that the categorical approach "does not govern how [the court] deal[s] with a jury-instruction error on collateral review under § 2255," which is "review[ed] for harmless error"); Stone v. United States, 37 F.4th 825, 831 (2d Cir. 2022) (declining "to import the categorical method to a determination of prejudice upon a § 924(c) conviction predicated in part on an invalid crime of violence").

Shea also invokes the rule of lenity to support his position. But that rule has no application here because the present case does not involve "ambiguities about the breadth of a criminal statute" that we could "resolve[] in [his] favor." Davis, 588 U.S. at 464. Nor are we persuaded by Shea's reliance on United States v. Berry, No. 09-cv-00019, 2020 WL 591569 (W.D. Va. Feb. 6, 2020) (unpublished), or United States v. White, 510 F. Supp. 3d 443 (W.D. Tex. 2020). Neither of those out-of-circuit district court cases have any bearing on the issue at hand, as both involved jury instructions with a single predicate offense that may have been invalid, rather than several predicates, as here. See Berry, 2020 WL 591569, at *1; White, 510 F. Supp. 3d

at 444.  Thus, we must reject Shea's challenge to the District Court's denial of his § 2255 motion.[4]

### III.

There remains to resolve Shea's appeal of the District Court's entry of amended judgment regarding his sentences.  We observe, however, that Shea challenges that judgment only on the ground that his § 924(c) convictions are themselves invalid. Because we affirm the District Court's order rejecting Shea's § 2255 motion to vacate those convictions, we must reject this challenge as well.

### IV.

For the foregoing reasons, we **affirm**.

---

[4] Shea does not argue that the District Court erred in conducting its harmless error analysis in any other respect, such as by arguing that the predicate offenses here were not "interrelated and coextensive."